MURRAY vs. GALE, administratrix, &c. and others.

Since the decision of the Court of Appeals in *The Metropolitan Bank* v. *Van Dyck*, (27 *N. Y. Rep.* 400,) the constitutionality of the legal tender act is not an open question, in this state.

Whether the case of *Rodes* v. *Bronson*, (34 *N. Y. Rep.* 649,) be treated as a direct adjudication only upon the construction and effect of a bond which contains the words "lawful money of the United States," or whether it should be recognized as also establishing authoritatively the law applicable to a bond not containing those words, the reasoning of the opinion, upon the latter subject, is convincing, and the views it expresses entirely sound. *Per* CARDOZO, J.

Where the condition of an obligation is, not to pay or deliver a specified quantity and quality of gold, but to pay a certain sum of money—whether to be paid in a commodity or not—it is still to pay a certain sum of money. *Per* CARDOZO, J.

If the agreement is to pay or deliver a certain quantity and quality of a commodity—gold coin, or any thing else—upon failure to perform, the promisee may recover the market value of the article at the time and place when and where it should have been delivered; but where the agreement is to pay so many dollars—whether in a commodity or in money—the amount of money agreed to be paid, and interest, is the only measure of damages for a breach of the covenant.

Where a bond was conditioned to pay "in gold or silver coin of the standard by which the coins of the United States were regulated by the laws existing on the 26th day of May, 1846, the sum of $4000," in three years, with interest; *Held* that the bond, and mortgage given in connection therewith, were paid and satisfied by a payment of the amount, *in legal tender notes.*

THIS is an appeal from an order of the special term of this court, sustaining a demurrer to the complaint and ordering judgment for the defendants thereon.

The complaint shows, that on the 26th day of May, 1846, William Harrison for the purpose of securing payment to Frederick Bronson, executor of Isaac Bronson, deceased, and assignor of the plaintiff, of "the sum of four thousand dollars in specie, gold and silver coin of the same standard as that by which coins were regulated on the 26th day of May, 1846," executed a bond and mortgage, conditioned to pay the said Bronson, or his assigns, "in gold and silver coin of the standard by which the coins of the United States were regulated on the 26th day of May, 1846," the

sum of $4000, and interest in coin, as aforesaid, at the rate of seven per cent per annum, payable on the 26th days of May and November, in each year. On the 26th day of April, 1865, the principal sum secured to be paid by the mortgage, was due and unpaid. At the last mentioned day a partition suit was pending between the heirs to the property described in the mortgaged premises, and who are the parties defendant in this action. The defendants and parties to the said partition suit desired to pay the mortgage of the plaintiff in legal tender notes. The plaintiff insisted that the bond and mortgage could not be satisfied or extinguished, except by the payment of gold and silver coin, as provided by the terms and conditions thereof. The parties to the partition suit desired a release from the plaintiff, in order to sell the premises. To enable the parties aforesaid so to do, and at the same time to save the plaintiff's right to be paid in gold and silver coin, according to the terms of the contract, the plaintiff released the mortgaged premises, accepted $4151.66 in legal tender notes, which was the number of dollars due on the said bond and mortgage; which, however, she received without prejudice to and saving her rights, to be paid in gold and silver. The defendants, thereupon, agreed to deposit a balance of $2000, the difference between the value of the notes, and the gold and silver coin, on the day aforesaid, to abide the judgment of the court as to the right of the plaintiff to be paid in coin, according to the said bond and mortgage, and which said sum is to be paid to the plaintiff, or the defendants, on the final determination of her rights.

On the 11th day of December, 1865, an order was entered in the partition suit, directing the sum of $2000, aforesaid, to be deposited in the United States Trust Company, in pursuance of the agreement of the parties, to abide the determination of the court, as to the right of the parties.

Murray *v.* Gale.

*Morris S. Miller,* for the appellant.

*H. W. Robinson,* for the respondent.

*By the Court,* CARDOZO, J.   Whatever may be our individual opinions, the constitutionality of the legal tender acts is not an open question in this state. (*Metropolitan Bank* v. *Van Dyck; Meyer* v. *Roosevelt,* 27 *N. Y. Rep.* 400.) The point principally argued before us was very carefully considered, though perhaps not directly involved, in *Rodes* v. *Bronson,* (34 *N. Y. Rep.* 649.) The Court of Appeals discussed the law in two aspects : first, reading the condition of the bond without the words " lawful money of the United States," (which it in fact contained,) and secondly, including those words. Whether that case be treated as a direct adjudication only upon the construction and effect of a bond which contains the words " lawful money of the United States," or whether it should be recognized as also establishing authoritatively the law applicable to a bond not containing those words, is not very material, because at all events the reasoning of the opinion upon the latter subject is convincing. We think the views it expressed upon that point entirely sound, and that it is superfluous either to repeat, or attempt to add any thing to them here. It only remains for us to apply them to the present case.

If by " gold coin," a commodity, and not the currency of the country, was intended to be designated, then as the bond was conditioned to pay a sum of money, viz. $4000 and interest, in a certain commodity, the tender of so much of that commodity as would at that time have produced in the market the sum of $4000 of lawful money (and interest) would have discharged the bond. Or if the obligor did not tender the commodity, the damages recoverable would be the amount of the debt agreed to be paid, viz. $4000 and interest. (*See opinion, pp.* 651, 652, 653.)

The obligation in this case is, not to deliver or pay a specified quantity and quality of gold, but to pay a sum of money, viz. $4000—whether to be paid in a commodity or not—it is still to pay a certain sum of money. This is the distinction. (*Same case, p.* 653.)

If the agreement had been to pay or deliver a certain quantity and quality of a commodity—gold coin, or any thing else—upon failure to perform, the promisee might recover the market value of the article at the time and place, when and where it should have been delivered; but when, as here, the agreement is to pay so many dollars, whether in a commodity or in money, the amount of money agreed to be paid, and interest, is the only measure of damages for a breach of the covenant.

Without giving the reasons which, in addition to the views expressed by Justice SMITH, lead me to think that the parties to this bond were contracting for the payment of money only, enough has been said to dispose of the only points in the case calling for any remarks, and to show that the order made below was right, and should be affirmed, with costs.

Order affirmed.

[NEW YORK GENERAL TERM, November 2, 1868. *Geo. G. Barnard, Ingraham* and *Cardozo,* Justices.]